Daniel J. Weintraub - Bar #132111
James R. Selth - Bar #123420
Elaine V. Nguyen – Bar #256432
WEINTRAUB & SELTH, APC
11766 Wilshire Boulevard, Suite 1170
Los Angeles, CA 90025
Telephone: (310) 207-1494
Facsimile: (310) 442-0660
Email: Elaine@wsrlaw.net

Attorneys for Debtor and Debtor-in-Possession,
IMAGINATION WORLDWIDE, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:15-bk-19378-RN |
| IMAGINATION WORLDWIDE, LLC | Chapter 11 |
| Debtor and Debtor-in-Possession. | **DEBTOR'S MOTION FOR ORDER GRANTING AN EXTENSION OF THE EXCLUSIVE PERIOD TO PROPOSE AND CONFIRM A PLAN OF REORGANIZATION PURSUANT TO BANKRUPTCY CODE SECTION 1121(d); DECLARATION OF LAWRENCE A. GOEBEL IN SUPPORT THEREOF** |
| | [11 U.S.C. §1121 (d); Local Bankruptcy. R. 9013-1(o)(1)] |
| | Date:<br>Time:    [NO HEARING SET]<br>Place: |

TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER PARTIES IN INTEREST:

   **PLEASE TAKE NOTICE** that Imagination Worldwide, LLC, the debtor and debtor-in-possession herein ("Debtor"), hereby moves the Court for an Order pursuant to Bankruptcy Code § 1121(d) extending for one hundred and twenty (120) days, the exclusive periods within which only Debtor may file and seek confirmation of a chapter 11 Plan of Reorganization ("Plan"). Specifically, Debtor requests that the Court extend the exclusivity period to file a Plan from October 9, 2015 to **February 6, 2016**, and the last day for Debtor to secure acceptances of its Plan from December 8, 2015, to **April 6, 2016**. This is the Debtor's first request for an extension of the exclusivity periods.

   Debtor expects to be in a position to file its Plan within this additional exclusive period, but does not waive the right to seek additional extensions of the exclusivity period if further extension(s) would be necessary or desirable for the estate.

   This Motion is brought pursuant to Bankruptcy Code Section 1121(d) on the grounds that cause exists to grant the requested relief. In brief, the Debtor is in discussions with an investment group that is interested in recapitalizing the Debtor and funding its reorganization. If the Debtor is unable to find an investor, the Debtor will move to convert or dismiss this Bankruptcy Case. Thus, in order to maximize the benefit to the unsecured creditors and minimize administrative expenses, Debtor does not want to rush a Plan to the Court just to meet the upcoming exclusivity deadline and preserve the estate's rights. The Debtor believes it is in the estate's best interest to complete discussions with potential investors before filing a Plan and submits that under these circumstances, the Debtor should continue to have the exclusive right to formulate and pursue a Plan.

   **PLEASE TAKE FURTHER NOTICE** that the Motion is brought pursuant to 11 U.S.C. §1121 (d), and is based on and supported by this Notice, the Memorandum of Points and Authorities appended to the Motion, the Declaration Lawrence A. Goebel ("Goebel Declaration") and all documents and evidence on file with the Court in this case.

   **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(o), any opposition or request for hearing to the Motion must be submitted in writing, filed with the United States Bankruptcy Court, and served upon Debtor's counsel, and the United States Trustee located at 255 E. Temple St., Los Angeles, California. Such opposition or request for a

Main Document    Page 3 of 12

hearing, if any, must be filed and served no later than fourteen (14) days after the date of service of this notice (as determined by the date indicated on the proof of service appended hereto), plus an additional three (3) days, unless the notice of motion was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B).

Further, Local Bankruptcy Rule 9013-1(h) provides that "Papers not timely filed and served may be deemed by the court to be consent to the granting or denial of the motion, as the case may be."

**WHEREFORE,** Debtor respectfully requests that this Motion be granted and the Court enter an Order extending by one hundred and twenty (120) days both the period during which only the Debtor may propose a Plan of Reorganization and the last day on which Debtor may secure acceptances of its Plan. More specifically, Debtor requests that the Court extend the exclusivity period to file a Plan from October 9, 2015 to **February 6, 2016**, and the last day for Debtor to secure acceptances of its Plan from December 8, 2015, to **April 6, 2016**.

Date: October 9, 2015                                         WEINTRAUB & SELTH, APC

                                                                 By:    /s/ Elaine V. Nguyen
                                                                         Daniel J. Weintraub
                                                                         James R. Selth
                                                                         Elaine V. Nguyen
                                                                         Attorneys for Debtor
                                                                         and Debtor-In-Possession,
                                                                         IMAGINATION WORLDWIDE, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

For the reasons explained below, good cause exists for the Court to enter an Order extending the period during which only Debtor may propose and solicit acceptances of a Plan of Reorganization ("Plan"). Debtor hereby seeks an order extending by one hundred and twenty (120) days each, the period during which only Debtor may file and solicit acceptances of his Plan. More specifically, Debtor requests that the Court extend the exclusivity period to file a Plan from October 9, 2015 to **February 6, 2016**, and the last day for Debtor to secure acceptances of its Plan from December 8, 2015, to **April 6, 2016**.

### II.

### STATEMENT OF FACTS

A. **Brief Factual Background**

On June 11, 2015 (the "Petition Date"), Imagination Worldwide, LLC filed its emergency petition (the "Bankruptcy Case") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court"). The Debtor is a debtor-in-possession in accordance with Bankruptcy Code §§ 1107 and 1108.

The Court has jurisdiction over the Case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

B. **Brief History of the Debtor**

The Debtor is an international motion picture sale and distribution company based in Los Angeles, California. The company was founded in 2003, and has a diverse catalogue of more than sixty (60) films ranging from thrillers to documentaries and cutting edge science fiction. The Debtor's business model is twofold: the Debtor enters into acquisition agreements with producers to obtain the rights to license a particular film (the "Acquisition Agreements") and

4

then enters into licensing agreements for such films with various distribution companies around the world (the "Licensing Agreements").

Lawrence A. Goebel ("Goebel") is the Manager of the Debtor. The Debtor currently has one employee (Goebel) who manages all aspects of sales, distribution, marketing, and servicing, and one independent contractor who assists Goebel on an as needed basis in the company's general operations. Goebel has not received any compensation during the pendency of this Bankruptcy Case.

### C.  Asset of the Debtor

The Debtor's primary assets consist of its accounts receivables totaling approximately $163,000.00 and its interest in the Acquisition Agreements and Licensing Agreements. The Debtor's primary liabilities consist of unpaid licensing fees due to producers under its Acquisition Agreements.

### D.  Events Precipitating This Case

The Debtor commenced the instant case because it began to fall behind on its payments due to producers under the Acquisition Agreements primarily due to the collapse of the DVD distribution market which the Debtor relied heavily upon. The Debtor was unable to license many of its independent films, which were previously distributed via DVD. As a result, the Debtor began to receive letters from producers terminating their Acquisition Agreements with the Debtor. The Debtor filed this emergency petition because the Debtor was in discussion with potential investors and wanted to preserve its interests in the Acquisition Agreements and Licensing Agreements and to preserve the company's going concern value.

## III.
## THE COURT HAS AUTHORITY TO GRANT THE REQUESTED EXTENSION AND THE MOTION SHOULD BE GRANTED

Pursuant to 11 U.S.C. § 1121(b) and (c), only the debtor may file a plan until after one hundred and twenty (120) days after the date of the order for relief and if no trustee has been appointed, no other party may file a plan unless the debtor has not filed a plan that has been accepted within one hundred and eighty (180) days of the order for relief. Pursuant to 11 U.S.C. § 1121(d)(1), on request of a party, the court may, for cause, increase the period of exclusivity for

the debtor to file a plan up to eighteen (18) months after the order for relief and up to twenty (20) months after the order for relief to confirm a plan.

The Debtor is requesting a 120-day extension out of an abundance of caution, to all for the full consideration and approval of a Plan and Disclosure Statement, and any amendments thereto, without the impediment of a competing plan. The requested extension is reasonable in length and is being made for a proper purpose. The Debtor has cooperated fully with the U.S. Trustee and is acting in good faith as its goals is to expeditiously reorganize with the highest return possible to the creditors in an efficient and cost effective manner.

### A. The Current Expiration of the Exclusivity Period to File and Confirm a Plan

The current exclusivity period for filing a Plan in this Case expires on October 9, 2015 and the current exclusivity period for soliciting acceptances of a Plan is December 8, 2015.

### B. Cause Exists to Extend the Time of the Exclusivity Periods

Unless a trustee has been appointed or the Court orders otherwise, only the Debtor-in-possession has the right to propose a Plan during the first one hundred and twenty (120) days from the Petition Date. See 11 U.S.C. § 1121(b) and (c).

Pursuant to 11 U.S.C. § 1121(d)(1), on request of the party, the court may, for cause, increase the period of exclusivity for the Debtor to file a plan up o eighteen (18) months after the order for relief and up to twenty (20) months after the order for relief to confirm a plan.

Thus, pursuant to Section 1121(d), the deadline for the Debtor to file a Disclosure Statement and Plan may not be extended beyond eighteen (18) months from the order of relief. Here, the Petition Date is June 11, 2015. As such, the deadline may not be extended for more than 18 months from June 11, 2015 or December 11, 2016. Here, the Debtor requests a deadline of **February 6, 2016**, to file Debtor's Disclosure Statement and Plan, which is within the time period of Section 1121(d).

Pursuant to Section 1121(d) the deadline to confirm a Plan may not exceed 20 months from the Petition Date, or in this case, February 11, 2017. Here, the Debtor requests a deadline of to **April 6, 2016** to confirm a Plan, which is within the time period of Section 1121(d).

As demonstrated by the record in this case and the attached declaration, Debtor is currently involved in early stage discussions with several parties who have expressed interest in recapitalizing the Debtor and funding its reorganization.

In August 2015, the Debtor and Michelle Mower, a producer, filmmaker, and one of the owners of Shadow Cave Pictures (a production company that is the Debtor's largest creditor) put together a business plan and presented the plan to an investment group in Texas. On or about October 1, 2015 the investment group requested some changes to the business plan, which changes the Debtor is prepared to make. Once these changes are made, the investment group will present the business plan to its board for approval of funding. Thus, the Debtor requests an extension of the exclusivity periods so that the Debtor can finalize discussions with this investor and ascertain the amount of funding the Debtor will have for its operations and to pay creditors.

If the Debtor is unable to find an investor, the Debtor will move to convert or dismiss this Bankruptcy Case. Thus, in order to maximize the benefit to the unsecured creditors and minimize administrative expenses, Debtor does not want to rush a Plan to the Court just to meet the upcoming exclusivity deadline and preserve the estate's rights. The Debtor believes it is in the estate's best interest to complete discussions with potential investors before filing a Plan and submits that under these circumstances, the Debtor should continue to have the exclusive right to formulate and pursue a Plan.

//
//
//
//
//
//
//
//
//
//

## IV.

## CONCLUSION

In order to maximize the benefit to unsecured creditors and minimize administrative expenses, Debtor seeks an extension of exclusivity to conclude its discussion with the investment group and to avoid filing a Plan without any specificity solely for the purposes of meeting the upcoming exclusivity deadline.

**WHEREFORE,** based upon the foregoing, Debtor respectfully requests that this Motion be granted and the Court enter an Order extending by one hundred and twenty (120) days each, the period during which only Debtor may propose a Plan of Reorganization and the last day on which Debtor may secure acceptances of his Plan of Reorganization. Specifically Debtor requests that the Court extend the exclusivity period to file a Plan from October 9, 2015 to **February 6, 2016**, and the last day for Debtor to secure acceptances of its Plan from December 8, 2015, to **April 6, 2016**.

Date: October 9, 2015                              WEINTRAUB & SELTH, APC

                                                                                            By:    /s/ Elaine V. Nguyen
                                                                                                   Daniel J. Weintraub
                                                                                                   James R. Selth
                                                                                                   Elaine V. Nguyen
                                                                                                   Attorneys for Debtor
                                                                                                   and Debtor-In-Possession,
                                                                                                   IMAGINATION WORLDWIDE, LLC

## DECLARATION OF LAWRENCE A. GOEBEL

I, LAWRENCE A. GOEBEL, hereby declare:

1. I am an individual over the age of eighteen and am the Manager and authorized representative of Imagination Worldwide, LLC, the debtor and debtor-in-possession herein (the "Debtor"). Each of the facts contained in this declaration are based on my personal knowledge and review of the Debtor's books and records kept in the ordinary course of business, and if called as a witness, I could and would competently testify thereto.

2. I make this declaration in support of *Debtor's Motion for Order Granting an Extension of the Exclusive Period to Propose and Confirm a Plan of Reorganization Pursuant to Bankruptcy Code Section 1121(d)* (the "Motion"). Each of the defined terms used in this declaration shall have the same meaning as those defined terms used in the Motion.

3. The Debtor is an international motion picture sale and distribution company based in Los Angeles, California. The company was founded in 2003, and has a diverse catalogue of more than sixty (60) films ranging from thrillers to documentaries and cutting edge science fiction. The Debtor's business model is twofold: the Debtor enters into acquisition agreements with producers to obtain the rights to license a particular film (the "Acquisition Agreements") and then enters into licensing agreements for such films with various distribution companies around the world (the "Licensing Agreements").

4. Currently, I am the Debtor's sole employ and I manage all aspects of sales, distribution, marketing, and servicing. I have not received any compensation during the pendency of this Bankruptcy Case.

5. Debtor commenced the instant case because it began to fall behind on its payments due top producers under the Acquisition Agreements primarily due to the collapse of the DVD distribution market which the Debtor relied heavily upon. Debtor was unable to license many of its independent films, which were previously distributed via DVD. As a result, the Debtor began to receive letters from producers terminating their Acquisition Agreements with the Debtor. The Debtor filed this emergency petition in order to preserve its interests in the Acquisition Agreements and Licensing Agreements and to preserve the company's going concern value.

6. I am currently involved in early stage discussions with several parties who have expressed interest in recapitalizing the Debtor and funding its reorganization.

7. In the last month, my discussions have been focused with a particular investment group in Texas.

8. In August 2015, Michelle Mower (owner of Shadow Cave Pictures—one of the Debtor and I put together a business plan and presented the plan to an investment group in Texas. On or about October 1, 2015 the investment group requested some changes to the business plan, which changes the Debtor is prepared to make. Once these changes are made, the investment group will present the business plan to its board for approval of funding.

9. Thus, the Debtor requests an extension of the exclusivity periods so that we can finalize discussions with this investor and ascertain the amount of funding the Debtor will have for its operations and to pay creditors.

10. If the Debtor is unable to find an investor, the Debtor will consider converting or dismissing this Bankruptcy Case. Thus, in order to maximize the benefit to the unsecured creditors and avoid the cost of incurring attorneys' fees, the Debtor requests an extension of the exclusivity periods.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed by me on the 9th day of October, 2015 at Los Angeles, California.

_____
LAWRENCE A. GOEBEL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11766 Wilshire Blvd., Suite 1170, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled **DEBTOR'S MOTION FOR ORDER GRANTING AN EXTENSION OF THE EXCLUSIVE PERIOD TO PROPOSE AND CONFIRM A PLAN OF REORGANIZATION PURSUANT TO BANKRUPTCY CODE SECTION 1121(d); DECLARATION OF LAWERENCE A. GOEBEL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/9/15, checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- M Hope Aguilar    hope@business-affairs.tv, hope@neuvilleLaw.com
- Kenneth G Lau    kenneth.g.lau@usdoj.gov
- Elaine Nguyen    elaine@wsrlaw.net, erika@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Daren M Schlecter    daren@schlecterlaw.com, assistant@schlecterlaw.com
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com;erika@wsrlaw.net;vinnet@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Daniel J Weintraub    dan@wsrlaw.net, erika@wsrlaw.net;vinnet@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 10/9/15 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 10/9/15, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Personal delivery to Chambers of Hon. Barry Russell, United States Bankruptcy Court, Los Angeles Division

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/9/15 | Erika Rappaport | /s/ Erika Rappaport |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Imagination Worldwide, LLC
280 S. Beverly Dr., Ste. 208
Beverly Hills, CA  90212

A.C.I. Films
C/O Alexander, Lawrence Frumes Labowitz
1880 Century Park E., #914
Los Angeles, CA  90067

Barnholtz Entertainment, Inc.
23300 Ventura Blvd., 2nd Floor
Woodland Hills, CA  91364

Boneboys, Inc.
Attn: Robert Kuhn
603 W. 8th St.
Austin, TX  78701

First Act Entertainment, LLC
Attn: Ken Sanders
14251 Arches Lane
Canyon Country, CA  91387

Hunger Productions, LLC
Hunger Trust Account
6710 Stewart Rd., Ste. 300
Galveston, TX  77551

Jade Rose Entertainment, LLC
9107 Wilshire Blvd., Ste. 625
Beverly Hills, CA  90210

Kingsparrow Films, Ltd.
International House
1 St. Katharines Way
London, UNITED KINGDOM,    E1W 1UN

Lance Entertainment
9107 Wilshire Blvd., Ste. 625
Beverly Hills, CA  90210

Matchbox Pictures, Inc.
123 King St., Studio 204
London, ON  N6A 1C3

Off World Films And Bleeding Edge Films
89 Marmet Ave., Letchworth Garden City
Hertfordshire, U.K.,    SG6 4QF

Outsider Productions One
402 East Gutierrez St.
Santa Barbara, CA  93101

Pierre David
9107 Wilshire Blvd., Ste. 625
Beverly Hills, CA  90210

Premiere Bobine
#100, 486 Rue Ste-Catherine O
Montreal, QC  H3B 1A6

ScreenProjex Limited
Watchmaker Court, 33 St John's Lane
London, UNITED KINGDOM,    EC1M 4DB

Shadow Cave Pictures, LLC
3205 Duchess Park
Lane Friendswood, TX  77546

Straightwire Films Limited
26 Burnside
Fleet, UNITED KINGDOM,    GU51 3RE

Stuck Productions, LLC
7250 Franklin Ave., #501
Los Angeles, CA  90046

The Disconnect, LLC
16633 Ventura Blvd., #1440
Encino, CA  91436

The Thompsons Film, LLC
Attn: Eben Kostbar
7040 Hawthorn Ave., #1
Los Angeles, CA  90028